## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

YUCHEN WU                                          CIVIL ACTION

VERSUS

CHRISTOPHER BULLOCK, ET AL.              NO. 26-00333-BAJ-EWD

### RULING AND ORDER

Before the Court is the Government's **Expedited Motion for Partial Relief From Amended Standing Order (Doc. 15)**, requesting that the Court "dissolve the stay on Petitioner's removal from this district for purposes of effectuating his removal to China." The Government filed a separate motion requesting expedited consideration of same. (Doc. 16).

Petitioner filed a Response, indicating that he "does not oppose [the Government's] request to dissolve the stay on Petitioner's removal from this District for the limited purpose of effectuating his removal to China." (Doc. 18). Petitioner requested, however, that the Court order the Government to file copies of the travel documents pertaining to Petitioner, currently in the Government's possession, into the record in this case. (*Id.*).

The Government filed a Reply, indicating that it would voluntarily file the travel documents and thus a Court Order to file the travel documents is unnecessary. (Doc. 19). The Government attached the Permit for Entry pertaining to Petitioner to its Reply, which states that it is "valid within three months from the date of issuance,

for the bearer to return to China only." (Doc. 19-1). The Permit of Entry is dated March 19, 2026. (Doc. 19-1).

The Court pauses to note the timeline in this case. On March 30, 2026, Petitioner filed his Petition for Writ of Habeas Corpus. The first paragraph of the Petition emphasizes: "This case asks whether the government of the United States can indefinitely detain a noncitizen post-final order of removal at the largest maximum-security prison in the United States—the Louisiana State Penitentiary[.]" ("LSP"). (Doc. 1 ¶ 1).

Petitioner represents that he entered the United States on an F-1 student visa in 2011. (*Id.* ¶ 2). After being suspended from Troy University in 2020 following a criminal conviction, Petitioner's F-1 visa was revoked. (*Id.*). Petitioner represents that he completed all attendant penal consequences related to his conviction in July 2025, after which he was released from criminal custody and directly transferred to ICE custody. (*Id.*; Doc. 3-1 at 1). ICE served Petitioner with a removal order on July 18, 2025, which Petitioner did not contest. (Doc. 1 ¶ 2). On September 4, 2025, Petitioner was transferred to LSP, where he has remained ever since. (*Id.* ¶ 11). Now, after completing all penal consequences related to his conviction, Petitioner has spent 246 days in ICE custody at LSP, a maximum security prison.

Eleven days before Petitioner filed his habeas Petition, on March 19, 2026, the Government obtained the documents necessary to effectuate Petitioner's removal. (Doc. 19-1). The Government was then served with Petitioner's habeas Petition on April 6, 2026. (Doc. 9). Despite having both the documents necessary to effectuate

2

Petitioner's removal *and* Petitioner's habeas Petition in its possession, the Government inexplicably did nothing for 47 days after receipt of the travel documents, and for approximately 30 days after being formally served with Petitioner's habeas Petition.

Then, on May 5, 2026, the Government moved this Court for expedited consideration of its Motion, so that it could effectuate Petitioner's removal before the travel documents expired. (Doc. 16). The Court disfavors Motions to Expedite when they arise out of an emergency of the party's own making. Of greater concern to the Court, however, is the apparent lack of diligence on the part of the Government when Petitioner's liberty interests are at stake. Because of these liberty interests, the Court has expeditiously considered the Government's Motion.

Accordingly,

**IT IS ORDERED** that the Government's **Expedited Motion for Partial Relief From Amended Standing Order (Doc. 15)** is **GRANTED.** The Government may effectuate removal of Petitioner to China.

**IT IS FURTHER ORDERED** that the Government's **Motion for Expedited Consideration (Doc. 16)** of same is **GRANTED.**

Baton Rouge, Louisiana, this 8th day of May, 2026

_____

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3