**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**YUCHEN WU** — **CIVIL ACTION**

**VERSUS**

**CHRISTOPHER BULLOCK, ET AL.** — **NO. 26-00333-BAJ-EWD**

# RULING AND JUDGMENT

Before the Court is the Parties' **Joint Motion To Dismiss (Doc. 23)** the above-captioned immigration habeas case because, following Petitioner's removal from the United States, his habeas claim is now moot.

A case becomes moot if it no longer presents a case or controversy under Article III, § 2 of the Constitution. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

> For a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution. *Spencer*, 523 U.S. at 7. The petitioner presents an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration"—a "collateral consequence of the conviction." *Id.* (internal quotations removed).

*Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

The Parties here confirm that there is no longer a live case or controversy. Accordingly,

**IT IS ORDERED** that the Parties' **Joint Motion To Dismiss (Doc. 23)** is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the above-captioned matter is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

Final Judgment shall be entered separately.

Baton Rouge, Louisiana, this 15th day of October, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**